*894 OPINION.
GREEN:
There are in this case three issues: (1) Are the petitioners affiliated? (2) Should the Columbus Coal & Mining Co. be allowed as invested capital an amount equal to the par value of the stock exchanged for assets? (3) Is the Barnes Coal & Mining Co. entitled to a paid-in surplus, and if so, the amount thereof ?
The first issue depends upon whether the petitioners meet the requirements of paragraph (b) of section 240 of the Bevenue Act of 1918. That paragraph reads as follows:
Eor the^urpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns directly or controls *895 through closely affiliated interests or by a nominee or nominees substantially all the stock of the other or others, or (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests.
It is clear that neither corporation owned or controlled any part of the stock of the other and that, if the corporations are to be deemed affiliated, it must be because “ substantially all the stock is owned or controlled by the same interests.”
An examination of the stockholdings discloses that four men, each of whom is a stockholder in both companies, own all of the stock In the Barnes Co. their holdings are equal. In the Columbus Co. one owns 40 per cent and the other three 20 per cent each.
We have no question of control and have remaining only the question of whether this ownership by four men is ownership “by the same interests.” The inevitable conclusion from an examination of the evidence in this case is that substantially all the stock of the corporations was owned by the same interests. This being true, we hold that statutory requirements have been met and that the corporations should be deemed affiliated. See Appeal of Rowe Transfer & Coal Co., 1 B. T. A. 593; Appeal of Rishell Phonograph Co., 2 B. T. A. 229; Appeal of Watsontown Brich Co., 3 B. T. A. 85.
In support of the second contention, counsel argue convincingly that, under the common law and the statutes of Ohio in effect at the time the stock of the Columbus Coal & Mining Co. was exchanged for the mining properties, it was the duty of the directors on' an exchange of stock for property to secure property of a par value equal to the par value of the stock exchanged, and that there is a presumption that the officers acted regularly and in accordance with the law. Thus they argue that proof of the issuance of stock of the par value of $15,000 raises the presumption that the assets received in exchange were worth $75,000. It is not necessary for us to determine whether, under the common law or the statutes of Ohio, such a presumption arises.
If we assume that the petitioners’ contention is correct, the question then is whether the presumption is sufficient to sustain the burden of proof. Such a presumption is rebuttable and is far from conclusive. The weight to be given to presumptions must be determined from common experience, and common experience in transactions wherein corporate stock is exchanged for property leads us all to scrutinize closely such a transaction. Such a presumption, unsupported by actual evidence of the value of the property received, is insufficient to sustain the burden of proof, and as to this point in the case we must affirm the Commissioner. Appeal of W. E. Marshall & Co., 1 B. T. A. 175; Appeal of Central Consumers Wine & Liquor Co., 1 B. T. A. 1190.
*896 A determination of the third issue necessitates a valuation of the assets received by the Barnes Coal & Mining Co. in exchange for its stock. There was no weakness in the evidence offered as to the value of the assets acquired, and we have found as facts the values which were proven, except that, while the evidence shows the existence and transfer to the petitioner of the claim against the railroad of $5,162.34 and its subsequent payment, there was no evidence of its actual value on the day of acquisition, and we are not convinced that such a claim was worth its full face value. The evidence does clearly indicate that it had a substantial value and we have fixed it at $5,000.